**FILED**

November 05, 2025

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
By:_____DT_____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | CRIMINAL NO. **Case No: EP:25-CR-02722-LS** |
| | § | |
| Plaintiff, | § | **S E A L E D** |
| | § | **I N D I C T M E N T** |
| v. | § | |
| | § | **CT 1:** 18:371 & 554-Conspiracy to |
| (1) IVAN SOTELO-RASCON, | § | Smuggle Goods from the United States; |
| ▮▮▮▮▮▮▮▮▮▮▮▮ | § | **CT 2:** 18:554-Attempt to Smuggle Goods |
| | § | from the United States; |
| | § | **CT 3:** 18:933(a)(3)-Conspiracy to Traffic in |
| Defendants. | § | Firearms; |
| | § | **CT 4:** 18:933(a)(3) & 2-Attempt to Traffic |
| | § | in Firearms and Aiding and Abetting. |
| | § | |
| | § | *Notice of Government's Demand for* |
| | § | *Forfeiture* |

THE GRAND JURY CHARGES:

**COUNT ONE**

**INTRODUCTION**

**At all times relevant to this Indictment:**

1. The Commerce Control List ("CCL"), located at Title 15, Code of Federal Regulations, Section 774, details commodities, software, and technology subject to control by the United States Department of Commerce, Bureau of Industry and Security pursuant to the Export Control Reform Act, Title 50, United States Code, Chapter 58.

2. The CCL is part of the Export Administration Regulations ("EAR"), located at Title 15, Code of Federal Regulations, Section 730 *et seq*.

3. Firearms are designated as controlled items in Section 774, Appendix Supplement Number 1 of the CCL.

4. Ammunition is designated as controlled item in Section 774, Appendix Supplement Number 1 of the CCL.

5. According to Title 15, Code of Federal Regulations, Section 736.2(b)(1) (Prohibition against exporting items on the CCL without a license), a person may not export an item subject to the EAR to another country if exporting that item to that country requires a license.

6. Exportation of firearms and ammunition to Mexico requires a license, pursuant to Title 15, Code of Federal Regulations, Section 738, Supplement 1 (Country Chart).

7. Defendants IVAN SOTELO-RASCON and ███████████████████ did not have a license or any authority to export firearms or ammunition out of the United States to Mexico.

Beginning on or about December 1, 2024, and continuing through and including on or about February 13, 2025, in the Western District of Texas and elsewhere, Defendants,

## (1) IVAN SOTELO-RASCON, and
███████████████████

did knowingly and willfully combine, conspire, confederate and agree with each other and with others known and unknown to the Grand Jury, to commit offenses against the United States, in violation of Title 18, United States Code, Section 371, that is, they conspired to:

1. knowingly and willfully export and send and attempt to export and send a firearm from the United States, contrary to Title 50, United States Code, Chapter 58 and Tile 15, Code of Federal Regulations, Section 774, a law and regulation of the United States, in violation of Title 18, United States Code, Section 554; and

2. knowingly and willfully receive, buy, conceal, and facilitate the transportation and concealment of a firearm prior to exportation, knowing the same to be intended for exportation from the United States, contrary to Title 50, United States Code, Chapter 58 and Tile 15, Code of Federal Regulations, Section 774, a law or regulation of the United States, in violation of Title 18, United States Code, Section 554,

All done in violation of Title18, United States Code, Sections 371 and 554.

Rev. 2017-11-30

## OVERT ACTS

In furtherance of the conspiracy and to effect the objective of the conspiracy, the defendants and their co-conspirators, committed and caused to be committed the following overt acts in the Western District of Texas and elsewhere:

1. On or about February 12, 2025, ██████████████, at the direction of a coconspirator in Mexico, transported firearms from Colorado to El Paso, Texas, which he obtained in Colorado, to-wit: (1) an Aero Precision, Model X15, 5.56mm caliber rifle, Serial #X281875; (2) an Aero Precision, Model M4E1, 5.56mm caliber rifle, Serial #M4-0157061; (3) an Anderson Mfg., Model AM-15, 5.56mm caliber rifle, Serial #18143301; (4) a Miroku Browning, Model AB3, .270 caliber rifle, Serial #08838YW358; (5) a GP WASR, Model 10/63, AK-47, 7.62x39mm caliber rifle, Serial #1974FC3805; (6) a Palmetto State Armory, Model PA-15, 5.56mm caliber rifle, Serial #SCB127044; (7) a Riley Defense, Model RAK 47, 7.62x39mm caliber rifle, Serial #B24122; (8) a S&W, Model M&P 15-22, .22 LR caliber rifle, Serial #DZV9355; (9) a Winchester Viana, Model XPR, 6.8mm caliber rifle, Serial #PT25140YY357; (10) a Beretta, Model 92FS, 9mm caliber pistol, Serial #BER019782CA2F; (11) a Derya Arms, Model Melik, 9x19mm caliber pistol, Serial #TG970-23M19361; (12) a FN, Model FNS-9, 9mm caliber pistol, Serial #GKU0094481; (13) a FN, Model 502, .22 LR caliber pistol, Serial #LR050452; (14) a Regent, Model R200S, .45 caliber pistol, Serial #11Y02355; (15) a Ruger, Model Ruger-57, 5.7x28mm caliber pistol, Serial #641-47321; (16) a Ruger, Model Ruger-57, 5.7x28mm caliber pistol, Serial #641-55818; (17) a Ruger, Model Security-9, 9mm caliber pistol, Serial #383-23999; (18) a Ruger, Target Model

22/45 MK III, .22 LR caliber pistol, Serial #228-84529; (19) a Sig Sauer, Model P320, 9x19mm caliber pistol, Serial #58H038603; (20) a S&W, Model M&P 5.7, 5.7x28mm caliber pistol, Serial #PJR3317; (21) a S&W, Model SD9 2.0, 9mm caliber pistol, Serial #EFB6216; and (22) a Tisas, Model PX-5.7, 5.7mm caliber pistol, Serial #T062024DJ04725, to be delivered to IVAN SOTELO-RASCON with the understanding and purpose that the firearms were to be exported to Mexico;

2.  On or about February 12, 2025, IVAN SOTELO-RASCON entered the United States at the Santa Teresa Port of Entry in New Mexico for the express purpose of meeting with ███████████ in El Paso, Texas to receive firearms and package them in boxes with the understanding and purpose that the firearms were to be exported to Mexico; and

3.  On or about February 12, 2025, ████████████████ and ████████ ███████████ purchased boxes and packing material to package firearms with the understanding and purpose that the firearms were to be exported to Mexico.

## COUNT TWO

The introduction alleged in Count One of this Indictment is incorporated by reference in its entirety as if fully re-alleged herein.

Beginning on or about February 10, 2025, and continuing through and including on or about February 13, 2025, in the Western District of Texas and elsewhere, Defendants,

## (1) IVAN SOTELO-RASCON, and
████████████████████

knowingly and unlawfully attempted to receive, conceal, buy, or in any manner facilitate the transportation and concealment of any merchandise, article and object, prior to exportation,

Rev. 2017-11-30

4

knowing the same to be intended for exportation from the United States, contrary to any law or regulation of the United States, to-wit: (1) an Aero Precision, Model X15, 5.56mm caliber rifle, Serial #X281875; (2) an Aero Precision, Model M4E1, 5.56mm caliber rifle, Serial #M4-0157061; (3) an Anderson Mfg., Model AM-15, 5.56mm caliber rifle, Serial #18143301; (4) a Miroku Browning, Model AB3, .270 caliber rifle, Serial #08838YW358; (5) a GP WASR, Model 10/63, AK-47, 7.62x39mm caliber rifle, Serial #1974FC3805; (6) a Palmetto State Armory, Model PA-15, 5.56mm caliber rifle, Serial #SCB127044; (7) a Riley Defense, Model RAK 47, 7.62x39mm caliber rifle, Serial #B24122; (8) a S&W, Model M&P 15-22, .22 LR caliber rifle, Serial #DZV9355; (9) a Winchester Viana, Model XPR, 6.8mm caliber rifle, Serial #PT25140YY357; (10) a Beretta, Model 92FS, 9mm caliber pistol, Serial #BER019782CA2F; (11) a Derya Arms, Model Melik, 9x19mm caliber pistol, Serial #TG970-23M19361; (12) a FN, Model FNS-9, 9mm caliber pistol, Serial #GKU0094481; (13) a FN, Model 502, .22 LR caliber pistol, Serial #LR050452; (14) a Regent, Model R200S, .45 caliber pistol, Serial #11Y02355; (15) a Ruger, Model Ruger-57, 5.7x28mm caliber pistol, Serial #641-47321; (16) a Ruger, Model Ruger-57, 5.7x28mm caliber pistol, Serial #641-55818; (17) a Ruger, Model Security-9, 9mm caliber pistol, Serial #383-23999; (18) a Ruger, Target Model 22/45 MK III, .22 LR caliber pistol, Serial #228-84529; (19) a Sig Sauer, Model P320, 9x19mm caliber pistol, Serial #58H038603; (20) a S&W, Model M&P 5.7, 5.7x28mm caliber pistol, Serial #PJR3317; (21) a S&W, Model SD9 2.0, 9mm caliber pistol, Serial #EFB6216; and (22) a Tisas, Model PX-5.7, 5.7mm caliber pistol, Serial #T062024DJ04725, which are controlled items as defined in the CCL, and the Defendant had not received a license or authorization for such export, in violation of Title 50, United States Code, Section 4819 and Title 15, Code of Federal Regulations, Sections 774 and 736.2(b)(1), all in violation of Title 18, United States Code, Section 554.

Rev. 2017-11-30

5

## COUNT THREE

Beginning on or about December 1, 2024, and continuing through and including on or about February 13, 2025, in the Western District of Texas and elsewhere, Defendants,

## (1) IVAN SOTELO-RASCON, and
█████████████████████████,

did knowingly and willfully combine, conspire, confederate and agree with each other and with others known and unknown to the Grand Jury, to commit offenses against the United States, in violation of Title 18, United States Code, 933, that is, they conspired to ship, transport, transfer, cause to be transported, and otherwise dispose of firearms, including, but not limited to, the following:

1.  Aero Precision, Model X15, 5.56mm caliber rifle, Serial #X281875;

2.  Aero Precision, Model M4E1, 5.56mm caliber rifle, Serial #M4-0157061;

3.  Anderson Mfg., Model AM-15, 5.56mm caliber rifle, Serial #18143301;

4.  Miroku Browning, Model AB3, .270 caliber rifle, Serial #08838YW358;

5.  GP WASR, Model 10/63, AK-47, 7.62x39mm caliber rifle, Serial #1974FC3805;

6.  Palmetto State Armory, Model PA-15, 5.56mm caliber rifle, Serial #SCB127044;

7.  Riley Defense, Model RAK 47, 7.62x39mm caliber rifle, Serial #B24122;

8.  S&W, Model M&P 15-22, .22 LR caliber rifle, Serial #DZV9355;

9.  Winchester Viana, Model XPR, 6.8mm caliber rifle, Serial #PT25140YY357;

10. Beretta, Model 92FS, 9mm caliber pistol, Serial #BER019782CA2F;

11. Derya Arms, Model Melik, 9x19mm caliber pistol, Serial #TG970-23M19361;

12. FN, Model FNS-9, 9mm caliber pistol, Serial #GKU0094481;

13. FN, Model 502, .22 LR caliber pistol, Serial #LR050452;

14. Regent, Model R200S, .45 caliber pistol, Serial #11Y02355;

Rev. 2017-11-30

15.  Ruger, Model Ruger-57, 5.7x28mm caliber pistol, Serial #641-47321;

16.  Ruger, Model Ruger-57, 5.7x28mm caliber pistol, Serial #641-55818;

17.  Ruger, Model Security-9, 9mm caliber pistol, Serial #383-23999;

18.  Ruger, Target Model 22/45 MK III, .22 LR caliber pistol, Serial #228-84529;

19.  Sig Sauer, Model P320, 9x19mm caliber pistol, Serial #58H038603;

20.  S&W, Model M&P 5.7, 5.7x28mm caliber pistol, Serial #PJR3317;

21.  S&W, Model SD9 2.0, 9mm caliber pistol, Serial #EFB6216; and

22.  Tisas, Model PX-5.7, 5.7mm caliber pistol, Serial #T062024DJ04725.

to another person, in and affecting interstate and foreign commerce, knowing and having reasonable cause to believe that the use, carrying, and possession of a firearm by the recipient would constitute a felony (as defined in section 932(a)), in violation of Title 18, United States Code, Sections 933(a)(1), (a)(3), and (b).

## COUNT FOUR

Beginning on or about February 12, 2025, and continuing through and including on or about February 13, 2025, in the Western District of Texas, and elsewhere, Defendants,

**(1) IVAN SOTELO-RASCON,**
████████████████████████

did knowingly attempt to ship, transport, transfer, cause to be transported, and otherwise dispose of one and more firearms, and aided and abetted the same, including, but not limited to, the following:

1.  Aero Precision, Model X15, 5.56mm caliber rifle, Serial #X281875;

2.  Aero Precision, Model M4E1, 5.56mm caliber rifle, Serial #M4-0157061;

3.  Anderson Mfg., Model AM-15, 5.56mm caliber rifle, Serial #18143301;

Rev. 2017-11-30

7

4.     Miroku Browning, Model AB3, .270 caliber rifle, Serial #08838YW358;

5.     GP WASR, Model 10/63, AK-47, 7.62x39mm caliber rifle, Serial #1974FC3805;

6.     Palmetto State Armory, Model PA-15, 5.56mm caliber rifle, Serial #SCB127044;

7.     Riley Defense, Model RAK 47, 7.62x39mm caliber rifle, Serial #B24122;

8.     S&W, Model M&P 15-22, .22 LR caliber rifle, Serial #DZV9355;

9.     Winchester Viana, Model XPR, 6.8mm caliber rifle, Serial #PT25140YY357;

10.     Beretta, Model 92FS, 9mm caliber pistol, Serial #BER019782CA2F;

11.     Derya Arms, Model Melik, 9x19mm caliber pistol, Serial #TG970-23M19361;

12.     FN, Model FNS-9, 9mm caliber pistol, Serial #GKU0094481;

13.     FN, Model 502, .22 LR caliber pistol, Serial #LR050452;

14.     Regent, Model R200S, .45 caliber pistol, Serial #11Y02355;

15.     Ruger, Model Ruger-57, 5.7x28mm caliber pistol, Serial #641-47321;

16.     Ruger, Model Ruger-57, 5.7x28mm caliber pistol, Serial #641-55818;

17.     Ruger, Model Security-9, 9mm caliber pistol, Serial #383-23999;

18.     Ruger, Target Model 22/45 MK III, .22 LR caliber pistol, Serial #228-84529;

19.     Sig Sauer, Model P320, 9x19mm caliber pistol, Serial #58H038603;

20.     S&W, Model M&P 5.7, 5.7x28mm caliber pistol, Serial #PJR3317;

21.     S&W, Model SD9 2.0, 9mm caliber pistol, Serial #EFB6216; and

22.     Tisas, Model PX-5.7, 5.7mm caliber pistol, Serial #T062024DJ04725.

to another person, in and otherwise affecting interstate and foreign commerce, knowing and having reasonable cause to believe that the use, carrying, and possession of a firearm by the recipient would constitute a felony (as defined in section 932(a)), in violation of Title 18, United States Code, Sections 933(a)(1), (a)(3), (b), and 2.

Rev. 2017-11-30

## NOTICE OF GOVERNMENT'S DEMAND FOR FORFEITURE
[See Fed. R. Crim. 32.2]

### I.

### Conspiracy to Smuggle Goods from the United States Violation and Forfeiture Statutes
[Title 18 U.S.C. §§ 371 and 554, subject to forfeiture pursuant to Title 18 U.S.C § 981(a)(1)(C) and Title 19 U.S.C. § 1595a(d), as made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c)]

As a result of the criminal violations set forth above, the United States gives notice to Defendants **IVAN SOTELO-RASCON (1),** ███████████████████ ███████████ of its intent to seek the forfeiture of certain property upon conviction and pursuant to Fed. R. Crim. P. 32.2, Title 18 U.S.C. § 981(a)(1)(C) and Title 19 U.S.C. § 1595a(d), as made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c), which state:

**Title 18 U.S.C. § 981. Civil Forfeiture**
(a)(1) The following property is subject to forfeiture to the United States:
* * *
(C) Any property, real or personal, which constitutes or is derived from proceeds traceable to a violation . . . of this title or any offense constituting "specified unlawful activity" (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense.

Title 18 U.S.C. § 554 Smuggling Goods from the United States is an offense constituting "specified unlawful activity" as defined in Title 18 U.S.C. § 1956(c)(7).

**Title 19 U.S.C. § 1595a. Forfeiture and other penalties**
* **
**(d) Merchandise exported contrary to law**
Merchandise exported or sent from the United States or attempted to be exported or sent from the United States contrary to law, or the proceeds or value thereof, and property used to facilitate the exporting or sending of such merchandise, the attempted exporting or sending of such merchandise, or the receipt, purchase, transportation, concealment, or sale of such merchandise prior to exportation shall be seized and forfeited to the United States.

Title 18 U.S.C. § 554 Smuggling Goods from the United States is an offense constituting "specified unlawful activity" as defined in Title 18 U.S.C. § 1956(c)(7).

The Notice of Demand of Forfeiture includes but is not limited to the money judgment described in Paragraph II.

Rev. 2017-11-30

## II.
## Money Judgment

A sum of money that represents the amount of proceeds obtained by the Defendants, directly or indirectly, as a result of the offenses set forth above, and the value of property used to facilitate, or intended to be used to facilitate the commission of the offense, for which Defendants

**IVAN SOTELO-RASCON (1),** ██████████████████████████ ████████████ are individually liable.

### Substitute Assets

If any of the above-described forfeitable property, as a result of any act or omission of the Defendants:

     a.    cannot be located upon the exercise of due diligence;
     b.    has been transferred or sold to, or deposited with, a third person;
     c.    has been placed beyond the jurisdiction of the Court;
     d.    has been substantially diminished in value; or
     e.    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States to seek forfeiture, pursuant to Title 21 U.S.C. § 853(p), as incorporated by Title 28 U.S.C. § 2461(c), of any other property of said Defendants up to the value of the forfeitable property.

A TRUE BILL.

████████████████

_____
FOREPERSON OF THE GRAND JURY

JUSTIN R. SIMMONS
UNITED STATES ATTORNEY

BY: _____
    Assistant U.S. Attorney

Rev. 2017-11-30